```
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

DEANNA MARIE CUBIOTTI,

                    Plaintiff,           17-CV-6114 (MAT)
           -v-                           **DECISION AND ORDER**

NANCY A. BERRYHILL,
Acting Commissioner OF Social Security[1],

                    Defendant.
_____
```

## INTRODUCTION

Deanna Marie Cubiotti ("Plaintiff"), represented by counsel, brings this action under Title XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner" or "defendant"), denying her application for Supplemental Security Income ("SSI"). The Court has jurisdiction over the matter pursuant to 42 U.S.C. §§ 405(g), 1383(c). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is denied and Defendant's motion is granted.

---

[1] Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017. The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

**PROCEDURAL BACKGROUND**

On February 25, 2013, Plaintiff protectively filed for SSI, alleging disability beginning February 9, 2012. (Administrative Transcript ("T.") 280). The claim was initially denied on June 10, 2013, and Plaintiff timely requested a hearing. (T. 231-33). A hearing was conducted on February 25, 2014, in Rochester, New York by administrative law judge ("ALJ") John P. Costello. (T. 170-215). Plaintiff appeared with her attorney and testified. An impartial vocational expert ("VE") also testified.

The ALJ issued an unfavorable decision on March 27, 2014 (T. 32-48). Plaintiff timely requested review of the ALJ's decision by the Appeals' Council. (T. 12). The Appeals Council denied Plaintiff's request for review on September 10, 2014, making the ALJ's decision the final decision of the Commissioner. (T. 1-3). Plaintiff instituted a civil action in this Court, and on July 15, 2015, this Court remanded the claim for further administrative proceedings. See Cubiotti v. Colvin, Case No. 14-cv-6637, Docket No. 10.

On remand, the Appeals Council vacated the ALJ's decision and remanded the matter for further consideration and development. T. 1107-08. On April 18, 2016, Plaintiff appeared with her attorney at a second hearing and testified again before ALJ Costello. Vocational expert Carol McManus and medical expert Chukwuemeka K. Efobi, M.D. also testified. T. 1032-82. On May 9,

2

2016, ALJ Costello issued an unfavorable decision. T. 1009-30. This action followed.

## THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. See 20 C.F.R. § 404.1520(a). Additionally, because there was medical evidence of drug addiction or alcoholism, the ALJ performed the secondary analysis required by 42 U.S.C. § 423(d)(2)(c). Pursuant to this secondary analysis, even if a claimant qualifies for disability benefits under the five-step analysis, the claimant "shall not be considered disabled . . . if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled". 42 U.S.C. § 423(d)(2)(c); see also 20 C.F.R. §§ 416.935(a), 404.1535(a). In determining whether a claimant's alcohol or drug abuse is a "material" factor, an ALJ applies the following process codified at 20 C.F.R. §§ 416.935, 404.1535(b):

> (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
>
> (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.

> (I) If we determine that your remaining limitations would not be disabling, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability.
>
> (ii) If we determine that your remaining limitations are disabling, you are disabled independent of your drug addiction or alcoholism and we will find that your drug addiction or alcoholism is not a contributing factor material to the determination of disability.

20 C.F.R. §§ 416.935(b), 404.1535(b). "The claimant bears the burden of proving that drug or alcohol addiction was not a contributing factor material to the disability determination." Newsome v. Astrue, 817 F. Supp. 2d 111, 126–27 (E.D.N.Y. 2011) (citing White v. Comm'r of Soc. Sec., 302 F. Supp.2d 170, 173 (W.D.N.Y. 2004)).

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 6, 2013, the application date. T. 1014.

At step two, the ALJ determined that Plaintiff had the following "severe" impairments: substance abuse disorder, schizoaffective disorder, borderline personality disorder, bipolar disorder, post-traumatic stress disorder, depression, anxiety, and fibromyalgia. T. 1015.

At step three, the ALJ found that Plaintiff's impairments, including her substance use disorder, met sections 12.04 and 12.09 of 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. The ALJ then

4

performed the secondary analysis required by 20 C.F.R. §§ 416.935, 404.1535(b) and found that (1) if Plaintiff stopped her substance use, she would continue to have a severe impairment or combination of impairments but that (2) if Plaintiff stopped her substance abuse, she would not have an impairment or combination of impairments that met or medically equaled any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. T. 1019.[2]

Before proceeding to step four, the ALJ found that if Plaintiff stopped her substance use, she would have the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b), with the additional non-exertional limitations that she is able to perform simple, routine tasks, is limited to low stress work (defined as work involving only occasional decision making), and is limited to occasional interaction with coworkers and the general public. T. 1018, 1020. At step four, the ALJ concluded that Plaintiff did not have any past relevant work. T. 1023.

At step five, the ALJ found that Plaintiff's substance use disorder was a contributing factor material to the determination of disability, because Plaintiff would not be disabled if she stopped her substance use. T. 1024. Accordingly, because the substance use disorder was a contributing factor material to the

---

[2] There is a scanning error in the Administrative Transcript, such that page seven of the ALJ's decision appears at T. 1019, while page eight of the ALJ's decision appears at T. 1018.

5

determination of disability, the ALJ concluded that Plaintiff had not been under a disability, as defined in the Act, since the application date. Id.

**SCOPE OF REVIEW**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); see also Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003). The district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. See 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (quotation omitted). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or detracts from both sides. Tejada v. Apfel, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." Byam v. Barnhart, 336 F.3d 172, 179 (2d Cir. 2003) (citing Townley v. Heckler, 748 F.2d 109, 112 (2d Cir. 1984)).

**DISCUSSION**

Plaintiff contends that remand is warranted for the following reasons: (1) the ALJ's RFC assessment is inconsistent with the only medical opinion of record regarding Plaintiff's physical functioning; and (2) the testimony of consultative physician Dr. Efobi did not provide "substantial evidence" for the ALJ's mental RFC assessment. Defendant responds that the ALJ's determination was supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court finds Plaintiff's arguments without merit and affirms the ALJ's decision.

**I. Consideration of Dr. Cox's Opinion**

Plaintiff's first argument is that the ALJ's RFC finding is inconsistent with the December 14, 2015 opinion of Dr. Megan Cox at Strong Internal Medicine, the "only medical opinion of record as it pertained to [Plaintiff's] physical functioning." Docket No. 9-1 at 25. Plaintiff contends that the ALJ impermissibly rejected Dr. Cox's opinion and relied on his own lay opinion to conclude that she was capable of light work. For the reasons set forth below, the Court disagrees.

On December 14, 2015, Dr. Cox completed a Physical Employability Assessment on Plaintiff for the Monroe County Department of Human Services immediately after evaluating Plaintiff for a foot injury. T. 1647-50. During the examination, Plaintiff

7

reported her foot went through a step a week prior. T. 1645. Plaintiff stated she was on her feet all day while at home with children and that her foot was painful all day and throbbed at night. Id. Dr. Cox observed that Plaintiff's right foot was not significantly swollen compared to her left foot but the foot had tenderness over the first metatarsophalangeal joint and extensor tendon for the great toe. Dr. Cox reported that Plaintiff's general appearance was comfortable, and her cardiac, respiratory, and abdominal examinations were all unremarkable. T. 1646. Dr. Cox opined Plaintiff that may have had a small fracture that was not picked up by X-ray, or that she may have had tendinitis or ligamentous injury. A walking boot and 15 milligrams daily of meloxican were prescribed. Id.

In the Monroe County Department of Human Services Assessment, Dr. Cox opined that Plaintiff was able to participate in activities for up to 40 hours per week with reasonable accommodations made for her foot injury, for 12 weeks. Specifically, Dr. Cox limited Plaintiff's activities to sitting during those 12 weeks and noted that other restrictions due to chronic illnesses would need to be re-evaluated once the foot injury had resolved. T. 1648. On the assessment's chart for Estimated Functional Limitations in an 8 Hour Work Day, Dr. Cox opined Plaintiff's walking, standing, pushing, pulling, bending, and lifting should be limited to

1-2 hours per day. There were no limitations assigned to sitting, seeing, hearing, or speaking. T. 1650.

In his opinion, the ALJ gave limited weight to Dr. Cox's opinion. The ALJ explained that the record did not support the conclusion that Plaintiff's foot injury was a severe impairment and that Dr. Cox's opinion was not a medical source statement, but was merely a form indicating whether Plaintiff should continue to receive state social service benefits. T. 1022. The ALJ did, however, limit Plaintiff to light work, as a result of the fact that Dr. Cox had diagnosed her with fibromyalgia. Id.

Plaintiff contends that the ALJ erred in affording only limited weight to Dr. Cox's opinion, and that the error was harmful because Dr. Cox's opinion was more restrictive than the ALJ's RFC assessment. For the reasons set forth below, the Court finds no error in the ALJ's assessment of Dr. Cox's opinion.

In assessing a claimant's RFC, an ALJ must "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." Matta v. Astrue, 508 F. App'x 53, 56 (2d Cir. 2013). "Genuine conflicts in the medical evidence are for the Commissioner to resolve," Veino v. Barnhart, 312 F.3d 578, 588 (2d Cir. 2002), and the ALJ "has the discretion to grant various degrees of weight to the opinion[s]" of record." Heitz v. Comm'r of Soc. Sec., 201 F. Supp. 3d 413, 422 (S.D.N.Y. 2016).

In this case, Dr. Cox's opinion was issued in the specific context of an acute foot injury suffered by Plaintiff. Dr. Cox expressly opined that this condition was expected to continue for only 12 weeks. T. 1648. Dr. Cox also specifically noted that any additional restrictions that should continue past the 12 weeks would need to be re-evaluated following the resolution of the foot injury. The opinion gave no indication that Dr. Cox was basing her restrictions on anything more than Plaintiff's foot injury nor that Dr. Cox was treating Plaintiff for anything other than the foot injury. Id. An ALJ may appropriately give less weight to a physician's opinion where it relates to a transitory condition.

It was also appropriate for the ALJ to consider the fact that Dr. Cox's opinion was a form in which she merely checked off boxes, as opposed to a medical source statement. Courts in this Circuit have consistently held that "lack of supporting detail and/or objective findings provides a . . . reason for affording [an] opinion less weight." Wright v. Colvin, No. 5:12-cv-0440, 2013 WL 3777187, at *15 (N.D.N.Y. July 17, 2013) (citing 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3)) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion."); see also Halloran v. Barnhart, 362 F.3d 28, 31 n. 2 (2d Cir. 2004)

(describing standardized form checklist as "only marginally useful for purposes of creating a meaningful and reviewable factual record"); Llorens-Feliciano v. Astrue, No. 6:11-cv-924, 2012 WL 6681772, at *3 (N.D.N.Y. Dec. 21, 2012) ("'Form reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best.'") (quoting Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993)). This factor therefore also supports the ALJ's determination that Dr. Cox's opinion should be given only limited weight.

Finally, and contrary to Plaintiff's argument, the ALJ did not err in assessing her RFC in the absence of any other medical opinion regarding her physical limitations. "[I]t is not *per se* error for an ALJ to make the RFC determination absent a medical opinion." Lewis v. Colvin, No. 13-cv-1072, 2014 WL 6609637, at *6 (W.D.N.Y. Nov. 20, 2014). In particular, "where the medical evidence shows relatively minor physical impairments, an ALJ permissibly can render a common sense judgment about functional capacity even without a physician's assessment." Id. (internal quotation omitted). In this case, the record is replete with Plaintiff's own reports that she was in good health during the relevant period. In March 2013, Plaintiff denied any current medical issues. T. 637. On assessment in June 2013, Plaintiff denied any history of musculoskeletal issues. T. 601. Plaintiff again denied any major medical problems in July 2013. T. 580.

Plaintiff reported her physical health as "good" in August 2013. T. 531. In March 2014, on exam Plaintiff gave no physical complaints. T. 1694. At her February 2014 hearing, Plaintiff identified no physical complaints in her testimony. T. 335-38. In April 2014, Plaintiff reported her health status as "excellent". T. 1233. In February 2015, Plaintiff first complained of diffuse pain and was prescribed Lyrica for possible fibromyalgia. T. 1020-21. In April 2015, Plaintiff reported that her pain was improving while on medication. T. 1068. In March 2015, Plaintiff reported she was applying to Home Depot for a job and in October, 2015 she stated she wanted to start school to become a home health aid. T. 1419, 1627. In December 2015, Plaintiff reported to Dr. Cox that she was regularly on her feet all day caring for children. T. 1645. In March 2016, she reported she had no difficulty with daily living activities. T. 1897. In sum, the evidence of record overwhelmingly shows that Plaintiff had minimal physical limitations. Under these circumstances, the ALJ did not err in rendering a common sense judgment about Plaintiff's functional capacity, even in the absence of a physician's assessment other than Dr. Cox's. See, e.g., Lay v. Colvin, 14-cv-981, 2016 WL 3355436, at *7 (W.D.N.Y. June 17, 2016).

For the foregoing reasons, the Court finds that the ALJ properly afforded limited weight to Dr. Cox's opinion, which was a "check the box" form and was specifically based on an acute foot

12

injury that was only expected to last for 12 weeks. The Court further finds that the ALJ appropriately weighed the evidence of record and issued an appropriate, common sense judgment regarding Plaintiff's physical limitations. Accordingly, the Court finds no error in the ALJ's assessment of Plaintiff's physical RFC.

**II. Reliance on Dr. Efobi's testimony**

Plaintiff's second argument is that Dr. Efobi's testimony did not provide substantial evidence in support of the ALJ's conclusions. Plaintiff contends that Dr. Efobi's opinion was "baseless" and inconsistent with the opinions of Plaintiff's mental health counselor, Kelly Morell. The Court finds this argument without merit.

An ALJ is permitted to rely on the opinion of a testifying physician such as Dr. Efobi, so long as he reviewed Plaintiff's records and his opinion is consistent with the evidence. See Lugo v. Comm'r of Soc. Sec., No. 3:16-CV-0746 (GTS), 2017 WL 4005621, at *9 (N.D.N.Y. Sept. 11, 2017); see also Flores v. Astrue, No. 3:09-CV-1829 JCH, 2010 WL 5129110, at *2 (D. Conn. Dec. 9, 2010) (it was "wholly appropriate" for the ALJ to rely on the testimony of a testifying physician who was a specialist in the relevant medical field and who had "reviewed the record and concluded that the evidence [did] not support [the claimant's] claim of disability"). In this case, Dr. Efobi, a psychiatrist, throughly examined Plaintiff's medical records and concluded that

she would not have disabling impairments if she ceased her substance use. Dr. Efobi opined that Plaintiff's illness and symptoms during her period of substance abuse, prior to May, 2014 satisfied the listings 12.03 and 12.04, but as her vast improvement following her sobriety indicated, much of her illness and symptoms were due to the substance abuse, and therefore she would not meet or equal any of the listings for that time period. T. 1044-45. Dr. Efobi's opinion was supported by the record, which shows no hospitalizations or emergency room visits after the Plaintiff last reported drug use in May 2014. T. 1050. Furthermore, in his testimony, Dr. Efobi pointed to reports from Plaintiff's outpatient program showing Plaintiff was asymptomatic, managing her household well, and maintaining her stability for her daughter subsequent to the end of her substance abuse. T. 1051. Dr. Efobi's review of the record showed that in her sobriety, Plaintiff demonstrated she was able to advocate for her daughter, call to set up appointments for her daughter, and attend those appointments for her daughter. T. 1055. Dr. Efobi therefore set forth in detail the basis for his opinion, which was consistent with the medical evidence of record.

The ALJ further did not err in crediting Dr. Efobi's opinions over Ms. Morell's opinions. As an initial matter, and as the ALJ correctly explained, Ms. Morell's opinions failed to address the critical issue of what Plaintiff's functioning would be in the

absence of her substance use disorder. T. 1022. As such, nothing in Ms. Morell's opinions contradicts Dr. Efobi's opinions regarding Plaintiff's ability to function were she to cease her substance use, because Ms. Morell did not offer an opinion on this subject.

Moreover, the ALJ gave additional appropriate reasons for affording limited weight to Ms. Morrell's opinions "despite her treating relationship with the claimant." Id. In particular, the ALJ noted that Ms. Morell's opinions were forms with check boxes and without supporting narratives. As discussed at length above, this is an appropriate factor for the ALJ to have considered in assigning weight to Ms. Morell's opinions. See Wright, 2013 WL 3777187 at *15. The ALJ further noted that Ms. Morell's opinions were inconsistent with her own treatment records, which indicated that Plaintiff had only moderate limitations. An ALJ may reject the opinion of a mental health counselor where it is inconsistent with the claimant's treatment records. See Bulavinetz v. Astrue, 663 F. Supp. 2d 208, 212 (W.D.N.Y. 2009).

In essence, Plaintiff's argument is that the ALJ should have given less weight to Dr. Efobi's opinion and more weight to Ms. Morell's opinions. However, that determination was for the ALJ and not this Court to make, and "[i]f evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." McIntyre v. Colvin, 758 F.3d 146, 149 (2d Cir. 2014); see also Bonet ex rel. T.B. v. Colvin, 523 F. App'x 58, 59

(2d Cir. 2013) ("whether there is substantial evidence supporting the [claimant's] view is not the question . . .; rather, [the Court] must decide whether substantial evidence supports *the ALJ's decision*.") (emphasis in original). In this case, the Court finds that Dr. Efobi's testimony provided substantial evidence in support of the ALJ's findings and that those findings are therefore not subject to revision by this Court.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 9) is denied and the Commissioner's motion for judgment on the pleadings (Docket No. 12) is granted. Plaintiff's complaint is dismissed in its entirety with prejudice. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:   April 5, 2018
         Rochester, New York